Vernon G. **FREY**

v.

**SECURITY INSURANCE COMPANY OF HARTFORD,** Successor by merger to the New Amsterdam Casualty Company, a corporation (Amended–2/24/70), **Appellant.**

No. 71–2048.

United States Court of Appeals,
Third Circuit.

Argued Jan. 11, 1973.
Decided Feb. 8, 1973.

William C. Walker, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellant.

Richard P. Jacob, Pittsburgh, Pa., for appellee.

Before BIGGS, HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by the Security Insurance Company of Hartford (Security) [1] from the judgment of the district court, based on a jury verdict, in favor of Frey in the amount of $11,275 with interest from September 11, 1967. Security was Frey's liability insurance carrier and had refused to afford coverage with respect to a negligence action brought against Frey. After settling the claim against him, Frey instituted the present proceeding to recover the amount of the settlement. Security's motions for judgment N.O.V. and for a new trial were denied by the district court, and this appeal followed. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332 (1970).

▆▆▆ Security had disclaimed liability in the tort suit brought against Frey for the reason that Frey failed to report the underlying accident as soon

1. Security Insurance Company of Hartford is the successor by merger to the New Amsterdam Casualty Company.

2. Clause 10 of the insurance contract provides: "10. *Notice of Accident.* When

as practicable.[2] In this appeal, Security contends that the notice given by Frey was not timely as a matter of law. Error is also asserted in the district court's instructions to the jury and in the admission of evidence that other parties had delayed in reporting the accident, but their insurer had nonetheless provided coverage.

We need not recite the facts involved here, for the opinion of Chief Judge Marsh accompanying his order denying Security's post-trial motions, reported at 331 F.Supp. 140 (W.D.Pa.1971), most ably sets them out. On review of the record and consideration of the relevant law, we find Security's contentions to be without merit.

The judgment of the district court will be affirmed for the reasons so well stated by Chief Judge Marsh in his opinion, *supra.*

an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. . . ."